IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lowell N. Payne, Jr., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:07-cv-0709 |
| Debbie Tinsley, et al., | : | JUDGE HOLSCHUH |
| Defendants. | : | |

REPORT AND RECOMMENDATION

On March 18, 2008, Lowell N. Payne, Jr., an Ohio prisoner, filed a complaint against Debbie Tinsley, Mark Hooks, and Kevin Scott. On March 18, 2008, the Court granted Mr. Payne's request to proceed in forma pauperis. His complaint is now before the Court for the initial screening pursuant to 28 U.S.C. §1915A. Also pending before the Court is a motion to correct a clerical error pursuant to Fed.R.Civ.P. 60(a) filed by Mr. Payne on August 21, 2008. For the following reasons, the Court will recommend that Mr. Payne's complaint be dismissed for failure to state a claim. Further, the Court will recommend that the motion to correct be denied as moot.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and

which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted when there is no legal basis asserted, the facts are insufficient to make out a valid claim, or there is an insurmountable bar to relief on the face of the complaint.  See generally, Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A.  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

II.

Mr. Payne filed this action alleging that, sometime following his receipt of a suspended sentence of fifteen days in disciplinary control for a rule infraction, Ms. Tinsley moved him to a non-privileged housing dorm without any lawful authority to do so.  According to Mr. Payne, when he questioned Ms. Tinsley about the move, he was told it was made pursuant to "policy." Mr. Payne contends that, despite his requests to review the

2

policy, the defendants have not provided him a copy. Mr. Payne asserts that the policy does not exist and that the move was really an additional sanction beyond that imposed by the rules infraction board. This alleged additional sanction, Mr. Payne claims, constitutes cruel and unusual punishment. Mr. Payne seeks compensatory and punitive damages as well as his return to the privileged housing unit.

III.

To the extent that Mr. Payne alleges his move to a non-privileged housing unit constitutes cruel and unusual punishment because it was an additional sanction which was not issued by the rules infraction board, he has failed to state a claim under the Eighth Amendment. The relevant inquiry under the Eighth Amendment is whether the prisoner has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prisoner must allege the denial of "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997); see also Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Mr. Payne's complaint does not set forth any allegations from which the Court could conclude that, as a result of his move to a non-privileged housing unit, he was denied basic needs. Consequently, Mr. Payne has failed to state a claim under the Eighth Amendment upon which relief can be granted.

Likewise, to the extent that Mr. Payne may be attempting to assert a due process claim, he has not demonstrated that he was deprived of any protected liberty interest. Protected liberty interests typically arise from either the Due Process Clause or from some state-created entitlement. Inmates have no constitutionally protected right to be confined in any particular

housing unit.  Jarecke v. Hensley, 552 F.Supp.2d 261, 265 (D.Conn. 2008)(citing Olim v. Wakinekona, 461 U.S. 238 (1983) and Meachum v. Fano, 427 U.S. 215 (1976)).  See also Montanye v. Haymes, 427 U.S. 236 (1976) (while a prisoner remains in institutional confinement, the Due Process Clause does not protect his interest in remaining in a particular facility).  The Supreme Court has recognized that "[a]s long as the conditions or degree of confinement to which a prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye at 242.  Consequently, the Due Process Clause does not provide a basis for Mr. Payne's claim.

Further, to the extent Mr. Payne may be suggesting that he was deprived of a state created liberty interest, he has failed to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for determining whether a prisoner has been deprived of a state-created liberty interest in Sandin v. Conner, 515 U.S. 472 (1995).  These interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; see also Jones v. Baker, 155 F.3d 810 (6th Cir. 1998).  To determine whether something is an "atypical and significant" hardship, courts consider "what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law."  Griffin at 706.  Applying this standard in a variety of circumstances, the Sixth Circuit has found that confinement in punitive or administrative segregation does not present an "atypical and

4

significant" hardship impacting any protected liberty interest. See Sims v. Wright, No. 1:07-CV-37, 2007 WL 1500055 at *3 (W.D. Mich., May 22, 2007) (citing numerous Sixth Circuit cases). Consequently, a transfer from a privileged housing unit to a non-privileged one, as Mr. Payne has alleged here, cannot be considered an "atypical and significant" deprivation in the ordinary context of prison life.

Finally, to the extent Mr. Payne may be suggesting that the prison's failure to comply with its procedures deprived him of due process, again he has failed to state a claim upon which relief can be granted. State procedures, on their own, do not confer a liberty interest protected by the Due Process Clause. See Thomas v. Rosemeyer, 199 Fed.Appx. 195 (3d Cir. 2006) (citing Rodriguez v. McLoughlin, 214 F.3d 328, 339 (2d Cir. 2000) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement....")).

Based on the foregoing, it is recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted and that a copy of the complaint and the Court's dismissal order be mailed to the defendants. Further, it is recommended that the motion to correct (#17) be denied as moot.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the

findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge