IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lowell N. Payne, Jr.,  :

    Plaintiff,  :

  v.  :    Case No. 2:07-cv-0709

Debbie Tinsley, et al.,  :    JUDGE HOLSCHUH

    Defendants.  :    Magistrate Judge Kemp

ORDER

    This matter is before the Court on the objection filed by plaintiff, Lowell N. Payne, Jr., to the Magistrate Judge's Report and Recommendation filed October 3, 2008. Pursuant to an initial screening under 28 U.S.C. §1915, the Magistrate Judge recommended that Mr. Payne's claims be dismissed and that his motion to correct a clerical error be denied as moot.

    When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific objection has been made...." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B). For the following reasons, the objections will be overruled and this case will be dismissed.

    Mr. Payne filed a complaint asserting a violation of his Eighth Amendment rights as a result his move from a privileged to a non-privileged housing unit. Mr. Payne contended that this move, which followed his receipt of a suspended sentence for a rule infraction, was actually an additional sanction beyond that

imposed by the rules infraction board.  As a result, Mr. Payne asserted, the move constituted cruel and unusual punishment.  Mr. Payne sought compensatory and punitive damages as well as his return to the privileged housing unit.

Because Mr. Payne also filed a request to proceed in forma pauperis, the Magistrate Judge conducted an initial screening pursuant to 28 U.S.C. §1915.  During the screening process, the Magistrate Judge found that Mr. Payne had failed to state a claim upon which relief could be granted.  Specifically, the Magistrate Judge found that Mr. Payne did not set forth any allegations from which the Court could conclude that, as a result of his move to a non-privileged housing unit, he was denied basic needs as required to state a claim under the Eighth Amendment.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).  Additionally, the Magistrate Judge, construing Mr. Payne's complaint liberally, examined whether Mr. Payne had stated a due process claim by alleging a deprivation of a protected liberty interest.  The Magistrate Judge concluded that Mr. Payne had not stated such a claim based on either the Due Process Clause or a state-created liberty interest.  See Jarecke v. Hensley, 552 F.Supp.2d 261, 265 (D. Conn. 2008); Sandin v. Conner, 515 U.S. 472 (1995); Thomas v. Rosemeyer, 199 Fed.Appx. 195 (3d Cir. 2006).

In his objection, Mr. Payne challenges the Magistrate Judge's recommendation on various grounds.  First, Mr. Payne objects to the finding that his move to a non-privileged housing unit was not cruel and unusual punishment.  Further, he objects to the conclusion that he does not have a state created entitlement to be housed in a privileged unit.  Additionally, Mr. Payne argues that the denial as moot of his request to correct a clerical error is improper.  Finally, Mr. Payne argues, as he has in previous filings in this case, that he is not a prisoner.

Turning first to Mr. Payne's claim that he is not a prisoner, this argument has previously been rejected by this Court in orders filed August 29, 2007 and September 26, 2007 (Docket Nos. 4 and 6), and will not be considered here. With respect to his objections relating to the Magistrate Judge's finding that he failed to allege any constitutional violation, Mr. Payne has simply reiterated his previous arguments. Further, Mr. Payne has not provided any support for his claim that the denial as moot of his request to correct a clerical error was improper.

Because Mr. Payne fails to raise any new arguments or issues in his objection, the Court, after a de novo review, will adopt the Magistrate Judge's Report and Recommendation in its entirety. See Butler v. Moore, 2006 WL 1281823 (S.D. Ohio May 9, 2006); Boyer v. Sheets, 2008 WL 3539107 (S.D. Ohio Aug. 11, 2008)(Magistrate Judge Report and Recommendation adopted where petitioner raises all the same arguments previously presented). Accordingly, Mr. Payne's objection is OVERRULED.

Based on the foregoing, the Court overrules Mr. Payne's objection and adopts the Magistrate Judge's Report and Recommendation (#19) in its entirety. Accordingly, Mr. Payne's complaint is DISMISSED. The Clerk shall mail a copy of the complaint, the Report and Recommendation, and this Order to the defendants.

Date: November 17, 2008     **/s/ John D. Holschuh**
                                       John D. Holschuh, Judge
                                       United States District Court